**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| LONNIE COOPER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:26-CV-172 (LAG) |
| | : | |
| THE KMW GROUP LLC and SKYTRON LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Plaintiff, Lonnie Cooper, filed this action against The KMW Group LLC and Skytron LLC in the Superior Court of Colquitt County, Georgia, on May 1, 2026. On June 4, 2026, Defendants filed a Notice of Removal with the accompanying necessary documents. (Docs. 1, 1-2 at 2–45, 1-7 at 2–4). Therein, Defendants allege diversity of citizenship pursuant to 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. (Doc. 1 at 1). In the Notice, Defendant KMW explains that it is a corporation, not an LLC as the case caption asserts, and that its principal place of business and corporate offices are in Michigan. (*Id.* ¶¶ 6, 8a; Doc. 1-3 ¶ 3; Doc. 1-4 at 2–3). Skytron is a Delaware Limited Liability Company and is owned by KWM, DKK USA, Inc.—a Delaware Corporation with its principal place of business in Michigan—and Mizuho Corporation—a Japanese Corporation with its principal place of business in Hongo, Tokyo, Japan. (Doc. 1 ¶¶ 7–8; Doc. 1-3 ¶¶ 4–5; Doc. 1-5 at 2; Doc. 1-6 at 2).

Nothing in the Notice of Removal or the Complaint directly indicates Plaintiff's state of citizenship. (*See* Doc. 1 at 1–5; Doc. 1-2 at 2–14). On June 22, 2026, Plaintiff filed a Motion to Remand arguing that Defendants did not include corporate disclosure statements with the notice of removal. (Doc. 6 ¶ 2). Defendants filed Corporate Disclosure

Statements and Jurisdictional Statements on June 16 and June 17, 2026, respectively. (Docs. 2–5). Plaintiff's citizenship, however, remains unclear.

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Id.* at 411–12. "A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) (citing 28 U.S.C. § 1332). While the Notice alleges facts sufficient to establish the amount in controversy, the Notice does not sufficiently demonstrate that there is complete diversity of citizenship among the Parties. (*See* Doc. 1).

"Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). "The failure of parties to urge objections [to diversity of citizenship] cannot relieve this court from the duty of ascertaining from the record whether the Circuit Court could properly take jurisdiction of this suit . . . ." *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990) (quotation omitted). "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). "To sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." *Id.* For an individual, however, "citizenship means domicile; mere residence in the State is not sufficient." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). District courts are "permit[ted] . . . to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" when deciding whether removal is proper.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). "If th[e] evidence is insufficient to establish that removal was proper[, however,] . . . neither the defendant[] nor the court may speculate in an attempt to make up for the notice's failings." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007) (citing *Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978)).

Accordingly, within **fourteen (14) days** of the date of this Order, Defendants may supplement the notice in order to establish that the Court has diversity jurisdiction. Failure to do so will result in this matter being remanded to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED**, this 13th day of November, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**